UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00138-GNS
CRIMINAL ACTION NO. 1:15-CR-00004-GNS-HBB-1

JASON BORDEN                                                                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Movant/Defendant's Objections (DN 440-447) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 426) and Movant/Defendant's Motions for Hearing (DN 453-454). For the following reasons, the Magistrate Judge's Report and Recommendation ("R&R") is **ADOPTED**, the objection is **OVERRULED**, and the motions are **DENIED**.

**I. STATEMENT OF FACTS**

The facts relevant to Objections of Movant/Defendant Jason Borden ("Borden") to the R&R are brief. On October 18, 2016, Borden pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846, 841(b)(1)(A)(viii), and 841(a)(1), respectively. (Indictment 1-2, DN 29; Plea Agreement 2, DN 248). Under the terms of the plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B), the parties agreed that Borden would serve 204 months in prison followed by 120 months of supervised release, and Borden would forfeit any property used or obtained as a result of the offense. (Plea Agreement 4). In return, the United States agreed to drop Counts 3 and 4 of the

Indictment. (Plea Agreement 4). This Court accepted the plea agreement and the recommended sentence. (J. & Commitment Order 1, DN 286).

At the time Borden entered into the plea agreement, the pre-sentence investigation report ("PSR") identified an offense level of 33 with a criminal history category of VI, for which an advisory range of imprisonment was 235 to 293 months. (R&R 4). During the sentencing hearing, the Court accepted Borden's argument that a more appropriate criminal history category was IV, with a suggested imprisonment of 188 to 235 months. (Sentencing Hr'g Recording 10:44). It now appears that the PSR has been corrected to show a criminal history category of III, with a guideline range of 168 to 210 months. (R&R 4). Notably, Borden's sentence of 204 months falls within or below each of these guideline ranges.

## II.     PROCEDURAL HISTORY

On September 26, 2018, Borden moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Def.'s Mot. Vacate, DN 405; Def.'s Am. Mot. Vacate, DN 406). The United States responded (DN 418), and Borden replied. (DN 421, 423, 424). The Magistrate Judge issued his Findings of Fact, Conclusions of Law, and Recommendation. (R&R, DN 426).

Borden now submits eight distinct objections to the R&R (DN 440-447) and further moves for leave to amend or supplement these objections. (DN 452). Specifically, the Court construes Borden's *pro so* objections as follows: (1) previous motions and objections should not be combined and considered in the R&R; (2) the undersigned should recuse himself from this action; (3) Borden relied on incorrect information when agreeing to his plea deal; (4) property found in a Dodge Ram was improperly subject to forfeiture; (5) the R&R incorrectly states when Borden's presentence report was amended; (6) the Court incorrectly found Borden mentally competent at

the time of his offense; (7) as in objection three, Borden relied on incorrect information when agreeing to his plea deal;[1] and (8) a reiteration of his third objection. (DN 440-447).

### III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.* General objections or the mere repetition of arguments previously presented to the Magistrate Judge, however, are construed as a failure to object. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

### IV. DISCUSSION

#### A. Borden's Objections Fail to Address the Substance of the R&R.

Many of Borden's contentions, although styled as objections, do not in fact address the substance of the R&R at all. In his first objection, Borden argues that the Magistrate Judge could not analyze Borden's many motions and objections in the same R&R, citing only to 28 U.S.C. § 636(b)(1)(A) and (B) to support this contention. (Def.'s Obj. #1, at 1, DN 440). This argument is patently invalid as there is nothing in 28 U.S.C. § 636 requiring the Magistrate Judge to deal with every motion before him with separate orders or reports.

---

[1] Borden also includes as part of objection seven an addendum to provide "background" for this objection. Even so, the addendum has little to do with the objection and primarily repeats many of the objections previously discussed.

In objection two, Borden argues that the undersigned, the Magistrate Judge, and others should recuse themselves because of a pending a 42 U.S.C. § 1983 lawsuit. (Def.'s Obj. #2, at 1, DN 441). The Court, however, is unaware of any such lawsuit nor would such a lawsuit survive absolute immunity analysis. *See Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (holding that federal judges sued for actions taken in the performance of their judicial and quasi-judicial duties are immune from suit) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988)).

In objection six, Borden appears to contest his mental competence. (Def.'s Obj. #6, DN 445). The Court previously found, however, based on a report by a forensic psychologist that Borden was able to appreciate the wrongfulness of his actions at the time of his offense. (Order 1, DN 236). Borden's counsel did not contest this decision or the psychologist's report. (Order 1, DN 236). Finally, the Sixth Circuit already affirmed this Court's determination that Borden was competent to stand trial and enter a guilty plea. *United States v. Borden*, No. 17-5438, 2018 WL 1901009, at *3 (6th Cir. Jan. 23, 2018). As such, Borden is precluded from again raising his competence. *See United States v. Duhart*, 511 F.2d 7, 8 (6th Cir. 1975) ("'The normal and customary method of correcting errors of the trial is by appeal.' Moreover, '[i]t is well settled in this circuit that a motion to vacate is not a substitute for appeal.'" (internal citation omitted) (citation omitted)); *see also United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961) (stating that Section 2255 "does not give a prisoner the right to obtain a review—first by the court which imposed the sentence and then on appeal from denial of his motion to vacate sentence—of errors of fact or law that must be raised by timely appeal." (citations omitted)).

### B. Borden's Objections that Appropriately Focus on the R&R Are Without Merit.

Borden's remaining objections, while somewhat more substantive, are likewise without merit. In objection four, Borden contends that the "vague" forfeiture order in his Plea Agreement should not be read to include property found in a Dodge Ram allegedly owned by Borden's mother, Nancy Sue Douglas. (Def.'s Obj. #4, at 1, DN 443). Even so, Borden has not specifically identified what property he seeks returned to him. As noted by the Magistrate Judge, Borden also failed to offer *any* evidence or explanation why the requested property does not fall under the plea agreement's forfeiture order. (R&R 6).

In objection five, Borden takes issue with the Magistrate Judge's finding that the Federal Bureau of Prisons ("BOP") "corrected [its] error subsequent to Borden filing his § 2255 motion." (Def.'s Obj. #5, at 1, DN 444; R&R 3). It is not apparent to the Court how the timing of BOP's correction of the PSR would impact Borden's present motion—positive or otherwise. Regardless, the Magistrate Judge was correct in noting that the error was corrected after Borden's Section 2255 filing date. The letter from the United States Probation Office to the BOP that notes the need to correct the PSR is dated for October 4, 2018. (Def.'s Obj. #5 Ex. 15, DN 444-1). Clearly then, BOP's correction came after Borden filed his motion on September 26, 2018.

### C. Borden's Objection Based on a Sentencing Error and Ineffective Assistance of Counsel.

Objections three, seven, and eight—all of which make roughly the same arguments—are the closest of Borden's objections to addressing the substance of the Magistrate Judge's R&R. Specifically, these objections assert in different iterations that the PSR, upon which Borden and his counsel relied when Borden agreed to plead guilty, was inaccurate. As such, he now requests a sentence of 137 months, 31 months below the corrected guideline range, rather than the 204 months to which he agreed. (Def.'s Obj. #3, at 2).

Under 28 U.S.C. § 2255, arguments can be raised for the first time on collateral review only where the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) (internal quotation marks omitted) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)). "[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Id*. at 506.

As noted by the Magistrate Judge, the mistake in the sentencing guidelines is insufficient to meet this high standard. Because Borden pleaded guilty and agreed to a sentence that fell within his corrected guideline, it cannot be said that a miscarriage of justice has occurred in this instance. The fact that Borden ended up with a sentence within the corrected guideline range shows that justice was served, not that it was miscarried.

Even so, an ineffective assistance of counsel claim under Section 2255 is still available to Borden. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed on an ineffective assistance of counsel claim, a defendant must show (1) deficient performance, such that counsel's representation fell below an objective standard of reasonableness and (2) resulting prejudice, such that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 687-88, 694. In the context of a guilty plea, to satisfy prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As an initial matter, beyond the mistake in the guideline range calculation, Borden has not provided any specific arguments to demonstrate that his attorney's performance fell below an objective standard of reasonableness. Regardless, both prongs of this test must be met for an

ineffective assistance of counsel claim, and this Court need only address Borden's prejudice argument to dispose of his claim. *See Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

Based on the *incorrect* guideline range, Borden's 204-month sentence was 31 months below the guideline range of 235 to 293 months identified in the initial PSR based upon an offense level of 33 and criminal history category of VI. The plea agreement also resulted in the United States dropping two counts of the Indictment, one of which could have resulted in an additional five-year mandatory consecutive sentence. (Plea Agreement 6; Pl.'s Resp. Def.'s Mot. Vacate 4, DN 418). Based on the corrected PSR, however, Borden's sentence is now six months from the top of the range of 168 to 210 months. While the disparity in recommended sentence between a criminal history of VI and III is high, the parties and the Magistrate Judge here are comparing the incorrect ranges. As reflected in the audio recording of sentencing hearing, when the parties negotiated the relevant plea agreement, they already believed that Borden's criminal history was over-represented in the PSR and more accurately should have been category IV. As such, the more appropriate guideline ranges for comparison are 168 to 210 months for the correct criminal history category of III with the range discussed at the time of sentencing, which was 188 to 235 months for the criminal history category of IV. That is how this Court will proceed.

In *Glover v. United States*, 531 U.S. 198 (2001), the Supreme Court held that an alleged error in calculating the sentencing guideline can satisfy the prejudice prong of an ineffective assistance of counsel claim. *Id.* at 204. When a plea agreement is involved, however, the question is not "whether an acknowledged mistake in computing a sentence under the Guidelines is itself prejudicial; it is whether the mistake affected the decision to plead guilty." *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005).

As Borden now contends, "I would have *never* agreed to take the plea agreement knowing that I would have a sentence at the top of my sentencing guideline range." (Def.'s Obj. #5, at 2 (emphasis in original)). As an initial matter, Borden's assertion standing alone is insufficient to prove that his plea would have been different if the correct criminal history category was relied upon. *See Cieslowski*, 410 F.3d at 359 ("[A] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." (citation omitted)). Moreover, Borden's claim relies on a misstatement of the relevant facts. During the sentencing hearing, attorneys for both sides agreed that a more appropriate criminal history category was IV and noted that the overstatement in the PSR, among other factors, was taken into account by the parties when negotiating the plea agreement. As such, Borden's oft-repeated discussion of the guideline range for a criminal history category of VI is simply irrelevant. Furthermore, Borden's criminal history was just one of the factors considered by the parties in their negotiations, and these negotiations took place under the shared belief of the parties that the criminal history category was in fact overstated.

Finally, in addition to a plea within the correct sentencing guideline range, Borden received the benefit of two dropped counts, Count 3 for carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and Count 4 for possession of a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Notably, a conviction under Count 3 carried a mandatory five-year consecutive sentence. 18 U.S.C. § 924(c)(1)(A). While Borden now argues his sentence falls within six months of the top of the corrected guideline range, he ignores that a sentence within the guidelines that included 60 additional months would have resulted in a sentence well above 204

months.[2] (Def.'s Obj. #3, at 2, DN 442). Further, if Borden had been convicted, the maximum sentence for another dismissed count was life in prison. Ultimately, a benefit of Borden's plea agreement included the removal of both a mandatory consecutive five-year sentence and a potential life sentence. Borden's emphasis on the guideline range in isolation mischaracterizes the plea negotiations and grossly understates the benefit of his plea bargain.

Other courts addressing this question under far more compelling circumstances have reached the same conclusion. *See Cieslowski*, 410 F.3d at 360 (upholding a plea agreement based on an incorrect sentencing guideline calculation even though the defendant's plea was *42 months above* the highest sentence under the corrected range). *See also United States v. Agurs*, No. 12-100, 2014 WL 3735584, at *6 (W.D. Pa. July 28, 2014), *aff'd*, 629 F. App'x 288 (3d Cir. 2015) (holding that defendant could not meet the *Strickland* prejudice prong even if, *arguendo*, he had known that he was not a career offender for sentencing purposes).

In conclusion, Borden's 204-month sentence falls within both the corrected guideline range (168 to 210 months) and the range considered by the parties and the Court when negotiating and accepting the plea (188 to 235 months). While this higher range may have had some impact on plea negotiations, when considered in the context of the many other factors that impact such negotiations, Borden has not demonstrated a reasonable probability that he would have insisted on going to trial if the criminal history category had been corrected sooner. This conclusion is bolstered by other parts of the plea deal, most notably that the United States agreed not to seek a

---

[2] For example, if Borden had been sentenced exactly in the middle of the guideline range for a defendant with offense level of 33 and a criminal history category of III, his sentence would have been 189 months. Adding the 60-month mandatory consecutive sentence would have yielded a sentence of 249 months, 45 months more than under the plea deal that Borden now challenges.

life sentence and to drop other counts which would have mandated an additional five-year consecutive sentence.

### D. Borden's Motion for Leave to Supplemental Objections

Borden additionally asks this Court for permission to amend or supplement his objections. (Def.'s Mot. Am. Obj. 1, DN 452). Borden offers nothing to support this motion beyond noting that he is blind and is not currently represented by counsel. Moreover, Borden has already received an extension of time to respond, which allowed him over 90 days to file his objections to the R&R. (Order 1, DN 429). Borden, in turn, took advantage of this extension and filed eight separate objections. (DN 440-447). These facts do not convince the Court that additional time to file objections is needed.

### E. Borden's Motions for Hearing

Subsequent to the filing of his Objections, Borden has twice moved for a hearing (DN 453-454). Under 28 U.S.C. 2255(b), a court shall grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Borden has provided no explanation whatsoever in his motions for what additional information this Court could glean by holding a hearing on this matter. Rather, Borden's motions merely reiterate the same arguments and facts that the Court is already aware of, namely the PSR's incorrect criminal history classification. (Def.'s Mot. Hr'g 2, DN 453). As such, holding a hearing on this matter would be fruitless.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 426) are **ADOPTED**, and Movant/Defendant's Motions to Vacate, Set

Aside, or Correct Sentence (DN 405, 406), Movant/Defendant's Motion to Withdraw Plea (DN 372), Movant/Defendant's Motion for Return of Property (DN 373, 409), and Movant/Defendant's Motion for Relief Pursuant to Fed. R. Crim. P. 32(c)(1) (DN 403) are **DENIED**.

    2.    Movant/Defendant's Objections (DN 440-447) are **OVERRULED**.

    3.    Movant/Defendant's Motion for Leave to Amend and Supplement his Objections (DN 452) is **DENIED**.

    4.    Movant/Defendant's Motions for Hearing (DN 453-454) are **DENIED**.

    5.    A certificate of appealability is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 8, 2019

cc:    counsel of record
       Jason Dean Borden, *pro se*